*Jin v. Lynch*

BIA
Poczter, IJ
A200 182 642

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand fifteen.

PRESENT:
　　　JOSÉ A. CABRANES,
　　　DEBRA ANN LIVINGSTON,
　　　SUSAN L. CARNEY,
　　　　*Circuit Judges.*
_____

DE JIN,
　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　14-906
　　　　　　　　　　　　　　　　　　　　NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
　　　*Respondent.*[1]
_____

FOR PETITIONER: Troy Nader Moslemi, Flushing, New York.

---

1 - Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Monica Antoun, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner De Jin, a native and citizen of China, seeks review of a February 28, 2014 decision of the BIA affirming a July 6, 2012, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Jin, No. A200 182 642* (B.I.A. Feb. 28, 2014), *aff'g* No. A200 182 642 (Immig. Ct. N.Y. City Jul. 6, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision "as modified by" the BIA, i.e., minus the determination that Jin's asylum application was untimely filed. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The BIA did not err in bypassing

2

the timeliness issue and instead considering the merits of Jin's claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Accordingly, we address only the adverse credibility determination and review it for substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); 8 U.S.C. § 1252(b)(4)(B).

For asylum applications, like Jin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies and omissions in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 167. The agency's decision is supported by substantial evidence given the inconsistencies and omissions in the record regarding the circumstances that led to Jin's alleged arrest for practicing Falun Gong and the interrogations he allegedly experienced after his release.

An omission, like an inconsistency, is a proper ground for an adverse credibility determination. *Xiu Xia Lin*, 534 F.3d

3

at 166, n.3.  The fact that Jin's asylum application and his mother's letters omitted any allegation that his mother witnessed his and his uncle's arrests, or that his mother had received telephone calls from the police asking Jin to report to two interrogations after his release, undermined Jin's credibility.  *Id*. at 166-67.  The IJ did not err in relying on these omissions, particularly as Jin did not provide compelling explanations, stating only that his mother may have forgotten or that he could not explain.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ's reliance on these omissions is further bolstered by the fact that Jin himself omitted the same facts from his application.  His application did not mention that his mother witnessed his arrest or that the police interrogated him twice after he was released from detention.  Nor did he provide a convincing explanation for these omissions.  *Id*.  His explanation—that he did not think to include the details—is unconvincing given the significance of the two post-detention interrogations; the encounters with police were part of the basis of his application and the only evidence to support a fear of future harm.

4

Finally, we find no basis to overturn the agency's finding that Jin gave inconsistent accounts of the injury that led him to practice Falun Gong. Jin testified he was diagnosed with a waist sprain, but his application identified the injury as a "back strain" and referenced both back and waist pain. Although minor, this inconsistency is apparent in the record and we cannot find that a reasonable fact-finder would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B). The agency was not required to credit Jin's non-responsive explanation for the inconsistency. *Majidi*, 430 F.3d at 80-81.

Given the inconsistencies and omissions relating to Jin's claims of arrest, post-release interrogations, and the nature of the injury that led Jin to Falun Gong, the "totality of the circumstances" supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. As all of Jin's claims share the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk